UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL NO. 9 )
PAINTING INDUSTRY INSURANCE FUND and ) Index No.: 20-CIV-1774
TRUSTEES OF THE DISTRICT COUNCIL NO. 9 )
PAINTING INDUSTRY ANNUITY FUND and )
TRUSTEES OF THE DISTRICT COUNCIL NO. 9 )
FINISHING TRADES INSTITUTE and TRUSTEES )
OF THE INTERNATIONAL UNION OF PAINTERS )
AND ALLIED TRADES NATIONAL PENSION FUND )
and THE DISTRICT COUNCIL NO. 9 INTERNATIONAL ) COMPLAINT
UNION OF PAINTERS AND ALLIED TRADES, )
            )
                        Plaintiffs, )
            )
    -against-            )
            )
PARAGON ERECTORS, INC.,            )
            )
                        Defendant. )

---

Plaintiffs, Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund and Trustees of the District Council No. 9 Finishing Trades Institute and Trustees of the International Union of Painters and Allied Trades National Pension Fund (hereinafter referred to as the "Funds") (collectively referred to as "Plaintiffs") and District Council No. 9 International Union of Painters and Allied Trades, (hereinafter referred to as the "Union") or (collectively referred to as "Plaintiffs") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

### JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

1

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs and permit and cooperate in the conduct of an audit.

## PARTIES

5. The Plaintiffs' Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3). The Funds are established and maintained by the D.C. 9 International Union of Painters and Allied Trades (hereinafter referred to as "Union) and various employers pursuant to the terms of the Trade Agreements in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Trade Agreement (hereinafter

referred to as the "Agreement.") between the Defendant and the Union. The Funds are authorized to collect contributions which includes, but is not limited to, payments for life insurance, hospitalization, medical care, vacation, annuity, pension benefits, education and training and painting industry promotion Fund and Union dues check-off on behalf of the employees from the employers, and the Plaintiffs' Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Agreement that concern the protection of employee benefit rights.

7. The Funds are also the collecting agent for the Labor-Management Cooperation Initiative and National Finishing Trades Institute, Political Action Together – Political Committee, and the Industry Promotion Funds.

8. The Funds have an office for the transaction of business at 595 West Hartsdale Avenue, White Plains, NY 10607 in the County of Westchester.

9. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

10. The Union brings this action for dues check-offs and other contributions owed pursuant to the Trade Agreement.

11. The Union maintains an office for the transactions of business at 595 West Hartsdale Avenue, White Plains, NY 10607 in the County of Westchester.

12. Upon information and belief, the Defendant, Paragon Erectors, Inc. (hereinafter referred to as "the Employer or the Defendant") at all relevant times, was and is an "employer" within the meaning of

Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

13. Upon information and belief, the Defendant is a for-profit domestic corporation with its principal place of business at 42 Arlington Road, Middletown, NY 10940, in the County of Orange.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

14. The Defendant executed an Agreement with the Union.

15. The Agreement and/or the Policy for Collection of Delinquent Contributions adopted by the Plaintiffs' Funds (hereinafter referred to as the "Policy") requires the Defendant to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement.

16. Upon information and belief, as a result of work performed by the individual employees of the Defendant pursuant to the Agreement, there may be due and owing to the Funds from the Defendant contribution reports and fringe benefit contributions for the effective period of the Agreement.

17. Pursuant to the Agreement and the Policy, the Defendant is required to permit and cooperate with the Funds and/or their designated agents or representatives in an audit of the Defendant's financial records for the purpose of ascertaining whether the full amount of benefit contributions have been made to the Funds as required under the Agreement and to verify the accuracy of the Defendant's contribution reports.

18. The Defendant has failed and refused to allow an audit by the Funds for the effective period of the Agreement.

19. The Defendant's failure, refusal or neglect to allow an audit constitutes a violation of the Agreement between the Defendant and the Union wherein the Funds are third party beneficiaries as well as a violation of the Policy.

20. Pursuant to the Agreement and the Policy upon the Defendant's failure to pay contributions as they become due, the Defendant is obligated to the pay the following: the additional amount of twenty (20%) percent of the total sum of contributions due and unpaid as liquidated damages; interest calculated at the rate of two (2%) percent above prime per annum based upon the sum of all contributions due for the delinquent period; auditors' fees and attorneys' fees at the hourly rate charged to the Funds for such services and all costs incurred in initiating the court action for collection of delinquent contributions.

21. Accordingly, the Defendant must permit and cooperate in the conduct of an audit by the Plaintiffs and is liable to Plaintiffs for benefit contributions found due and owing pursuant to an audit, plus liquidated damages, interest, auditors' fees, and attorneys' fees in an amount to be determined by the audit.

## AS AND FOR A SECOND CLAIM FOR RELIEF

22. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "21" of this Complaint as if fully set forth at length herein.

23. In accordance with ERISA Section 209, 29 U.S.C. 1059, the Defendant is responsible for maintaining the books and records sufficient to allow the Funds to conduct an audit and its failure to do so constitutes a violation of ERISA.

24. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Trade Agreement.

25. An employer who has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution reports owed as a result of work performed by individual employees of the employer constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

26. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff's fund the unpaid fringe benefit contributions, plus liquidated damages and interest on the unpaid principal amount due, together with auditors' fees, attorneys' fees, costs and disbursements incurred in the action.

27. The failure to permit an audit has injured the Funds by delaying the investment of contributions that are found due pursuant to the audit and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

28. Accordingly, the Defendant is liable to Plaintiffs under the Agreement and Policy concerning the payment of fringe benefit contributions and under Sections 209, 502 and 515 of ERISA (29 U.S.C. Sections 1059, 1132 and 1145) due to the failure to permit an audit and pay the contributions that are due and owing.

29. Accordingly, the Defendant must permit and cooperate in the conduct of an audit and is liable to the Funds in an amount to be determined by the audit, which shall include liquidated damages, interest, auditors' fees and attorneys' fees pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, Paragon Erectors, Inc. as follows:

On the First and Second Claims for Relief as follows:

(a) An Order requiring the Defendant to permit and cooperate in an audit of the Defendant's books and records by the Plaintiffs or its agents for the effective period of the Trade Agreement;

(b) For a Judgment against the Defendant for any monies found due and owing as a result of the audit of Defendant's books and records which shall include the principal amount due, plus interest calculated at two (2%) percent above prime per annum from the date of the delinquency, liquidated damages calculated at twenty (20%) percent of the principal amount found due, attorneys' fees, and the cost of the audit as provided for in the Trade Agreement and/or Policy for Collection of Delinquent Contributions;

(c) Retain Jurisdiction over this matter pending compliance with its Order;

(d) Court costs and disbursements as stated in Plaintiffs' Policy For Collection of Delinquent Contributions and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the Trade Agreement; and

(e) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
February 28, 2020

Respectfully submitted,

Barnes, Iaccarino & Shepherd LLP

*Dana L. Henke*
Dana L. Henke, Esq.
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515